## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| MAFOA E.L. FATANI,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS ARNET et al.,<br><br>    Defendants. | **REPORT AND RECOMMENDATION**<br><br>Civil No. 2:08 cv 303 DB<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff Mafoa Fatani filed a *pro se* civil rights complaint[1] on April 21, 2008, under 42 U.S.C. §§ 1983 and 1985.  Previously, the Court granted Plaintiff's application to proceed *in forma paurperis*.[2]  Plaintiff now seeks official service of process[3] and appointment of counsel.[4]  Having reviewed Plaintiff's complaint and the record in this case,[5] the Court recommends that Plaintiff's case be dismissed pursuant to 28 U.S.C. § 1915.

Plaintiff's Complaint makes reference to losing "properties in both medical brain injuries and personal injuries"[6] and therefore Mr. Fatani must come to this Court to "claim my properties."[7]  Plaintiff goes on to state that "they gave me medicines to take, they sell my own solely properties [and] people buying and using my own properties."[8]

---

[1] Docket no. 3.
[2] Docket no. 2.
[3] Docket no. 6.
[4] Docket no. 5.
[5] The Court construes Mr. Fatani's pleadings liberally.  *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
[6] Complaint p. 3.
[7] *Id.*
[8] *Id.* at p. 5.

After an initial review of Plaintiff's Complaint, the Court afforded Mr. Fatani an opportunity to supplement or amend his Complaint in hopes that enough information would be presented to determine whether Mr. Fatani has a cognizable claim.[9] Mr. Fatani's response, however, failed to provide any additional information that would translate into any basis to assert a Civil Rights Complaint under 42 U.S.C. §§ 1983 and 1985. Additionally, due in part to Mr. Fatani's medical condition, the Court appointed Mr. Fatani pro bono counsel, Seth Mott, for the limited purposes of reviewing his case and determining whether Plaintiff had a cognizable claim.[10] Mr. Mott has now met with Mr. Fatani and provided him advice.

Because Mr. Fatani was granted permission to proceed *in forum pauperis*, the provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915, apply. Under § 1915 the Court shall, at any time, *sua sponte* dismiss the case if the Court determines that the Complaint is frivolous or fails to state a claim upon which relief may be granted.[11] The Court has carefully reviewed Plaintiff's filings, and made every effort to try and determine a claim or cause of action from the file, but has been unable to do so. Accordingly, the Court recommends that this case be DISMISSED.

Finally, Plaintiff's Motion for Service of Process should be DENIED. And Plaintiff's Motion for Appointment of Counsel should be deemed MOOT because counsel has already assisted Plaintiff in this case.

## RECOMMENDATION

Based on the foregoing, the court recommends this case be dismissed. Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within ten days after receiving this Report and

---

[9] *See* Order dated December 4, 2008; *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[10] Docket no. 17.
[11] *See* 28 U.S.C. § 1915(e)(2).

Recommendation. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 24th day of February, 2009.

_____
Brooke C. Wells
United States Magistrate Judge